FILED
**United States Court of Appeals
Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 26, 2024**

**Christopher M. Wolpert
Clerk of Court**

OMAR RICARDO GODINEZ,

     Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director,
Colorado Department of Correction;
TERRY JAQUES, Warden, Limon
Correctional Facility; PHIL WEISER,
Attorney General, State of Colorado,

     Respondents - Appellees.

No. 22-1194

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:21-CV-00695-RBJ)**
_____

Jonathan D. Reppucci, Reppucci Law Firm, P.C., Denver, Colorado, for Petitioner-Appellant.

John T. Lee, First Assistant Attorney General (Philip J. Weiser, Attorney General, and Lane Towery, Assistant Attorney General Fellow, with him on the briefs), Colorado Department of Law, Denver, Colorado, for Respondents-Appellees.
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**TYMKOVICH**, Circuit Judge.
_____

Omar Godinez is serving a sentence of 32 years to life in Colorado state prison for kidnapping two victims and sexually assaulting them. He was a minor at the time of his conviction. After exhausting state appeals, he sought habeas relief in federal court, challenging the constitutionality of his sentence. The district court denied relief. Relying on *Graham v. Florida*, 560 U.S. 48 (2010), he claims that his sentence is unconstitutional because it violates the Eighth Amendment's proscriptions against unreasonable sentences for minors. In *Graham*, the Supreme Court interpreted the Eighth Amendment to prohibit non-homicide minor offenders from receiving a sentence of life imprisonment without a meaningful opportunity for parole based on maturity and rehabilitation.

Although he is not eligible for parole until 2034, Godinez argues that his sentence, governed by Colorado's Sex Offender Lifetime Supervision Act (SOLSA), is unconstitutional because the statute will not permit the Colorado Parole Board to consider his maturity and rehabilitation when he is eligible. We certified a question to the Colorado Supreme Court to help us evaluate Godinez's challenge to the statute. That Court concluded that SOLSA (1) permits consideration of maturity, and (2) requires consideration of rehabilitation. *Godinez v. Williams*, 544 P.3d 1233, 1235 (Colo. 2024).

We deny Godinez's petition for habeas relief. He cannot show that the Colorado courts unreasonably applied federal law in imposing his sentence. Those courts concluded that when Godinez is eligible for parole, the parole board can consider his maturity and rehabilitation. Moreover, if the state parole board fails to

adhere to constitutional requirements set forth in *Graham* when Godinez is eligible for parole, he can assert any constitutional challenges to the parole board's evaluation of his parole eligibility. Until then, his challenge is not ripe for adjudication.

## I.  Background

When Godinez was 15 years old, he and three accomplices kidnapped and raped two victims within a week, at least one of whom was a minor. In each instance, Godinez and his accomplices approached the victim from behind, forced her into the back seat of Godinez's father's car, drove her to Godinez's house, and took turns raping her in a dark room. A jury found Godinez guilty of two counts of second-degree kidnapping, two counts of sexual assault, and two counts of conspiracy to commit sexual assault. A trial court sentenced him to 32 years to life in prison. Under Colorado law, Godinez will be eligible for parole in 2034, when he turns 38. *People v. Godinez*, No. 2011CR2537 at *2 (Dist. Ct., Arapahoe Cnty., March 21, 2014).

## II. Analysis

Godinez challenges the constitutionality of his sentence under SOLSA's statutory scheme. In short, he contends that it violates the Eighth Amendment's cruel and unusual punishment clause because the sentence is inconsistent with *Graham v. Florida*, 560 U.S. at 75. According to Godinez, *Graham* entitles him to a statutory guarantee that the parole board will consider his maturity and rehabilitation in 2034. And since the Colorado Supreme Court's answer to our certified question interprets

SOLSA as merely allowing—not mandating—the consideration of maturity, that is inadequate. He requests we grant habeas relief and order the state court to resentence him consistent with *Graham*.

As we explain, the parole board's ability to consider Godinez's maturity and rehabilitation when he is eligible for parole is sufficient to meet *Graham*'s requirements. At this stage, no constitutional violation has occurred to justify habeas relief.

### A. Legal and Procedural Background

In *Graham v. Florida*, the Supreme Court concluded that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82. In that case, a Florida court sentenced a 17-year-old to life in prison without possibility of parole for armed burglary. *Id.* at 57. The Supreme Court overturned the sentence, concluding that it violated the Eighth Amendment. The Court explained that under the Eighth Amendment a "State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants . . . some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 75.

Godinez was sentenced to 32 years to life, and the earliest he can be considered for parole is 2034. SOLSA requires sex offenders to undergo treatment during their incarceration. C.R.S. §§ 18-1.3-1004(1)(a) and (3). Once Godinez completes the minimum period of incarceration specified in his sentence, a parole

4

board "shall determine whether [he] has [1] successfully progressed in treatment and [2] would not pose an undue threat to the community if released under appropriate treatment and monitoring requirements and [3] whether there is a strong and reasonable probability that [he] will not thereafter violate the law." C.R.S. § 18-1.3-1006(1)(a). If the parole board does not release Godinez, he will remain in custody, but the board must review its decision periodically. C.R.S. § 18-1.3-1006(1)(c) (requiring the parole board to reconvene at prescribed intervals if it does not grant parole).

In sum, SOLSA provides sex offenders an opportunity for parole based on successful progression in treatment, degree of threat to the community, and likelihood of recidivism. C.R.S. § 18-1.3-1006(1)(a).

At sentencing, the state trial court rejected Godinez's interpretation of *Graham* and SOLSA. It concluded that the SOLSA factors are non-exclusive and that "given the Supreme Court's mandate in *Graham* that such factors *must* be considered for a juvenile convicted of a sexual offense, the Court must presume that the Parole Board will comply with the Supreme Court's directive." *Godinez*, No. 2011CR2537 at *18. The Colorado Court of Appeals affirmed his sentence but on different grounds. *People v. Godinez*, 457 P.3d 77, 95 (Colo. App. 2018) (holding that Godinez's sentence did not violate *Graham* because he was sentenced for multiple crimes, rather than a single crime). The Colorado Supreme Court denied certiorari. *Godinez v. People*, 2019 WL 6701589 (Colo. December 9, 2019).

5

Having exhausted his state appeals, Godinez sought habeas corpus relief in the District of Colorado, contending that his sentence violates *Graham*. The district court denied his petition, concluding that the Colorado sentencing scheme would allow him a meaningful opportunity to demonstrate maturity and rehabilitation at future parole proceedings. Order at 24-25.

Given the uncertainty as to how SOLSA might apply to minors convicted of sex offenses, we asked the Colorado Supreme Court after oral argument to determine whether SOLSA "requires, permits, or prohibits parole boards from considering maturity and rehabilitation." The Colorado Supreme Court concluded that SOLSA (1) permits consideration of maturity and (2) requires consideration of rehabilitation. *Godinez*, 544 P.3d at 1235. It reasoned that "maturity cannot be measured by reference to one or two isolated characteristics," so SOLSA's list of mandatory factors did not encompass that characteristic. *Id.* at 1240. Since the court found that SOLSA's list of factors was non-exclusive, *id.* at 1239, the parole board was permitted to consider maturity. In contrast, the court concluded that "sex offender programs are rehabilitative by design because the purpose of requiring sex offenders to undergo treatment is precisely to rehabilitate them." *Id.* at 1241. Thus, "SOLSA's three enumerated factors require parole boards to consider rehabilitation." *Id.*

### B. Standards for Habeas Relief

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under AEDPA, we review the state court's decision to determine whether it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

We consider "not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable—a substantially higher threshold for a prisoner to meet." *Shoop v. Twyford*, 596 U.S. 811, 819 (2022). "These restrictions on relief spring from Congress's recognition of a 'foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights.'" *Meek v. Martin*, 74 F.4th 1223, 1248 (10th Cir. 2023) (citing *Burt v. Titlow*, 571 U.S. 12, 19 (2013)). "And because state courts are 'presumptively competent . . . to adjudicate claims arising under' federal law, deference and reasonableness are our watchwords as we review their rulings." *Id.* (internal citation omitted) (citing *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)). "We review de novo the district court's decision denying habeas relief." *Cortez-Lazcano v. Whitten*, 81 F.4th 1074, 1082 (10th Cir. 2023).

To analyze a § 2254 claim, "we first determine whether the petitioner's claim is based on clearly established federal law, focusing exclusively on Supreme Court decisions." *Tryon v. Quick*, 81 F.4th 1110, 1140 (10th Cir. 2023). "We construe

7

those holdings narrowly, and will not extract clearly established law from the general legal principles developed in factually distinct contexts." *Meek*, 74 F.4th at 1251 (internal quotation marks omitted). If the petitioner's claim is based on clearly-established law, "we consider whether the state court's decision was contrary to or an unreasonable application of that law." *Tryon*, 81 F.4th at 1140.

We consider a state court decision to be "contrary to" clearly established law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *Cortez-Lazcano*, 81 F.4th at 1082. We consider a state court decision to be an "unreasonable application" of clearly established law if "the state court correctly identifies the governing legal principle from our decisions but *unreasonably applies it* to the facts of the particular case." *Drinkert v. Payne*, 90 F.4th 1043, 1049 (10th Cir. 2024). "[A] state court's application of federal law is unreasonable only if *every* fairminded jurist would reach a different conclusion." *Tryon*, 81 F.4th at 1110. "Put another way, a § 2254 petitioner must demonstrate that the state court's rejection of his claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

### C. Application

Godinez bases his habeas petition on his right to "a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560

U.S. at 75. The state trial court concluded that although SOLSA does not specifically list "maturity" and "rehabilitation" as factors relevant for parole, the sentencing scheme does not violate the Eighth Amendment. It reasoned that "the Parole Board is *not* restricted in its ability to consider the *Graham* factors" and "given the Supreme Court's mandate in *Graham* that such factors *must* be considered for a juvenile convicted of a sexual offense, the Court must presume that the Parole Board will comply with the Supreme Court's directive." *Godinez*, No. 2011CR2537 at *18. The district court agreed with this analysis, concluding that Colorado offered Godinez a meaningful opportunity to demonstrate his maturity and rehabilitation by undergoing sex offender treatment. Order at 24-25.

The Colorado Supreme Court's answer to our certified question agrees in essential part. Echoing the trial court, it concluded that the parole board will be allowed to consider Godinez's maturity, and it went a step further in concluding that it will be required to consider his rehabilitation. *Godinez*, 544 P.3d at 1235.

Consistent with these interpretations, the state trial court's sentencing withstands the "highly deferential" standard of review applicable in habeas cases. *See Cortez-Lazcano*, 81 F.4th at 1082. The court's holding was not "contrary to . . . clearly established Federal law," 28 U.S.C. § 2254(d)(1), because it did not "appl[y] a rule that contradicts the governing law set forth in Supreme Court cases [nor] confront[] a set of facts that are materially indistinguishable from a decision of the Supreme Court." *Cortez-Lazcano*, 81 F.4th at 1082. The state court fairly scrutinized Godinez's Eighth Amendment rights under *Graham* and reached a

9

conclusion not squarely foreclosed by *Graham*. It correctly noted that the parole board would be permitted to consider the *Graham* factors, a conclusion that was subsequently vindicated by the Colorado Supreme Court. And its conclusion that the parole board's ability to consider maturity and rehabilitation satisfied Godinez's rights under *Graham* was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Tryon*, 81 F.4th at 1110. In short, its holding did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

We are unpersuaded by Godinez's argument that the state trial court decision was incorrect. According to Godinez, the parole board's discretion to consider or not to consider maturity is inadequate under *Graham*. He contends that SOLSA "gives no effect to one of the two pillars of Graham's substantive holding, rendering it a nullity as applied to Godinez." Aple. Supp. Br. at 4. The state court reasoned that although the parole board has discretionary authority, it can be presumed to adhere to the Supreme Court's proscriptions. Godinez has offered no authorities to support his proposition that states must legislatively mandate parole boards to comply with *Graham*. Nor has he shown that the state court's determination that the parole board would adhere to *Graham* was unreasonable in light of the facts at its disposal.

Our decision does not preclude Godinez from filing at a later date a successive habeas claim if the parole board, in defiance of the Supreme Court's ruling in *Graham*, refuses to consider his maturity and rehabilitation. The habeas statute

10

permits petitioners to bring successive claims if there is a "factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254 (e)(2)(A)(ii).  In this case, Godinez's claim relies on conjecture about the parole board's future decision.  As of now, no constitutional violation warranting habeas relief has occurred, but an improper parole board evaluation could supply the factual predicate for a future claim.

## IV.  Conclusion

The petition for habeas relief is denied.